**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 22-1996**

---

ANDREA CENNINGTON,

        Plaintiff - Appellant,

    v.

CHRISTINE WORMUTH, Secretary, Department of the Army,

        Defendant - Appellee.

---

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  Terrence W. Boyle, District Judge.  (5:21-cv-00100-BO)

---

Submitted:  March 29, 2024                                              Decided:  July 1, 2024

---

Before WILKINSON, HEYTENS, and BENJAMIN, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

**ON BRIEF:**  Lydia Taylor, SOUTHWORTH PC, Atlanta, Georgia, for Appellant. Michael F. Easley, Jr., United States Attorney, Chelsea W. Draper, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Andrea Cennington appeals the district court's order granting her former employer's motion to dismiss her amended complaint, in which Cennington alleged that she was discriminated against and subjected to a hostile work environment because of her race, gender, and disability, retaliated against after complaining of the alleged unlawful treatment, and denied reasonable accommodations for her disability, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e-17; and the Rehabilitation Act, 29 U.S.C. § 794. We review a district court's grant of a motion to dismiss for failure to state a claim de novo. *See Rockville Cars, LLC v. City of Rockville*, 891 F.3d 141, 145 (4th Cir. 2018). When considering a Fed. R. Civ. P. 12(b)(6) motion to dismiss, "we must accept the factual allegations of the complaint as true and construe them in the light most favorable to the nonmoving party." *Id.* "To survive a [Rule] 12(b)(6) motion, the complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* (internal quotation marks omitted). To be plausible, the complaint must contain sufficient factual allegations to "allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Paradise Wire & Cable Defined Benefit Pension Plan v. Weil*, 918 F.3d 312, 317 (4th Cir 2019) (internal quotation marks omitted).

We have reviewed the record and conclude that the district court did not err in dismissing Cennington's amended complaint for failure to state a claim for relief. Cennington did not allege sufficient facts to infer that the complained-of conduct was severe, pervasive, or retaliatory to state a cognizable claim for relief. *See Laurent-*

2

*Workman v. Wormuth*, 54 F.4th 201, 210-13 (4th Cir. 2022); *Guessous v. Fairview Prop. Inv., LLC*, 828 F.3d 208, 222 (4th Cir. 2016); *Reyazuddin v. Montgomery Cnty.*, 789 F.3d 407, 418 (4th Cir. 2015).  Accordingly, we affirm the district court's order.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*